PS3-055                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4154
_____

GERALD BUSH,
                                         Appellant

v.

MERCY HOSPITAL; (CTT) COMMUNITY TREATMENT TEAM; STEVEN ESIEN,
Psychiatrist; NATHAN ALEN, APT, Therapist
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 14-cv-05305)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: March 26, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Gerald Bush, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his civil rights action against

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

Mercy Hospital, Community Treatment Team, Psychiatrist Steven Esien, and Therapist Nathan Alen. For the reasons that follow, we will affirm.

Gerald Bush ("Gerald") alleged in his complaint that doctors at Mercy Hospital knew that his brother, Gregory Bush ("Gregory"), was dangerous but would not commit him to the hospital. Gerald averred that Mercy Hospital and Community Treatment Team wrongfully discharged Gregory and that Gregory then set fire to Gerald's home. Gerald alleged that he incurred $22,856.00 in property damage and that he needed to seek treatment for depression. He sought damages for violations of his due process rights.

The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief because the complaint did not establish that the defendants were state actors for purposes of 42 U.S.C. § 1983. The District Court also dismissed any state law claims because Gerald had not alleged facts supporting diversity jurisdiction. The District Court dismissed the complaint without prejudice to Gerald's filing an amended complaint in District Court or a complaint in state court.

Gerald filed a response to the District Court's ruling, which may be construed as an amended complaint. Gerald stated that Gregory suffers from a mental disorder, that he had to have Gregory committed several times, and that the defendants had custody of Gregory pursuant to a court order. He alleged that Gregory left the defendants' facilities or was improperly released, and that the defendants would not recommit him. Gerald also stated that Mercy Hospital and Community Treatment Center are under contract with the Commonwealth of Pennsylvania to provide medical services to indigent persons, and

2

that these defendants, and the doctors who provided care, are thus state actors for purposes of § 1983. Gerald claimed that the defendants violated state law and their duty to protect him from harm, and sought damages for the harm caused by Gregory's setting fire to his home.

The District Court assumed that the defendants are state actors for purposes of § 1983, but again concluded that Gerald failed to state a claim for relief. The District Court explained that the failure to protect an individual against private violence is not a substantive due process violation. The District Court recognized the "state-created danger" and "special relationship" exceptions to this rule, but held that these exceptions did not apply. The District Court ruled that further amendment of the complaint would be futile. The District Court dismissed Gerald's federal claims with prejudice and his state law claims without prejudice to his refiling the claims in state court. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court did not err in holding that Gerald fails to state a claim for a violation of his substantive due process rights based on the defendants' alleged failure to protect him from being harmed by Gregory. As recognized by the District Court, assuming the defendants are state actors, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago Cnty. Dep't of Soc. Serv., et al., 489 U.S. 189, 197 (1989).

3

We agree with the District Court that the "special relationship" exception to this rule does not apply here. Under this exception, a state has a constitutional duty to protect persons in its custody. Morrow v. Balaski, 719 F.3d 160, 167-68 (3d Cir. 2013) (en banc). Gerald, however, was never in the defendants' custody. See DeShaney, 489 U.S. at 199-201 (state had no duty to protect a child where harm occurred when child was in his father's custody); Morrow, 719 F.3d at 167-68 (noting the duty to protect arises from a limitation the state has imposed on a person's freedom to act on his own behalf).

We also agree with the District Court that Gerald does not state a constitutional claim under the "state-created danger" exception, which allows for liability where the state acts to create or enhance a danger that deprives a person of his right to substantive due process. Morrow, 719 F.3d at 177. Gerald was required to aver, among other things, that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Id. (citation omitted).

As explained by the District Court, the danger in this case was caused by Gregory's mental illness, and the fact that defendants had custody of him for a period of time did not create or increase the danger to Gerald. See DeShaney, 489 U.S. at 201 (state played no part in creating danger that child faced in the custody of his father where the state had temporary custody of the child and returned him to his father's care); Bright v. Westmoreland Cnty., 443 F.3d 276, 283-84 (3d Cir. 2006) (state did not create danger by failing to detain a probationer who violated his parole and later shot the victim).

4

Gerald asserts on appeal that the defendants created a danger by sending an "unlicensed person" to administer "dangerous" medication to Gregory as an outpatient without warning Gerald of the side effects. While Gerald primarily makes this assertion in support of his claims of negligence, he also appears to contend that it supports the application of the state-created danger exception. Gerald, however, did not allege in his original or amended complaint that the defendants caused his harm by providing Gregory medication, and we find any suggestion in this regard insufficient to state a plausible due process claim. Finally, to the extent Gerald asserts on appeal that the defendants violated the Federal Nursing Home Reform Amendments, Gerald did not make such a claim before the District Court and we will not consider it in the first instance. C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010).

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1]Gerald's motion for leave to file an amended appendix, construed as a motion to supplement the record, is denied to the extent the exhibits submitted were not filed in District Court. See In re Capital Cities/ABC Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (1990) (court of appeals will consider only the record considered in district court).