**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3348
_____

GERALD BUSH,
                            Appellant

v.

MERCY HOSPITAL, et al;
CTT COMMUNITY TREATMENT TEAM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-04022)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gerald Bush, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights action against Mercy Hospital and Community Treatment Team.

In 2014, Gerald Bush ("Gerald") filed a complaint in the Eastern District of Pennsylvania alleging that the appellees violated his civil rights by discharging his brother, Gregory Bush ("Gregory"), from a mental hospital. Gerald alleged that, after being discharged, Gregory set fire to his home on January 3, 2014. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. We affirmed. See Bush v. Mercy Hosp., 605 F. App'x 92 (3d Cir. 2015).

In 2016, Gerald filed a second complaint alleging that the appellees violated his civil rights by negligently discharging Gregory. This time Gerald claimed Gregory set a fire to his home on July 5, 2014. The District Court dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Gerald had brought a previous suit against the appellees. Gerald appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's dismissal of a complaint on res judicata grounds. Morgan v. Covington Twp., 648 F.3d 172, 177 (3d Cir. 2011).

Res judicata, also called claim preclusion, protects defendants from having to defend "multiple identical or nearly identical lawsuits." Id. Accordingly, the doctrine of claim preclusion bars claims that were brought, or could have been brought, in a previous action. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). It applies where there is "(1)

a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id. (citation omitted).

The first two prongs are clearly met here. The only question presented is whether Gerald's claim arises out of the same set of facts as his prior suit. The focus of this inquiry is "the essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 173 (3d Cir. 2009) (citation omitted). In making such a determination, we look to "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." Id. (citation omitted).

Gerald's first action alleged that Mercy Hospital and Community Treatment Team wrongfully discharged Gregory and that as a result Gregory set fire to his home on January 3, 2014. In the present action, Gerald claimed that Mercy Hospital and Community Treatment Team negligently discharged Gregory and that as a result Gregory set fire to his home on July 5, 2014. These claims are essentially indistinguishable except for the date of the fire. The second fire, however, already had allegedly occurred before Gerald filed his initial complaint. Cf. Morgan, 648 F.3d at 178 (holding that claims that are predicated on events that postdate the filing of the initial complaint are not barred by claim preclusion). Gerald's claim could therefore have been brought in his prior suit and the District Court properly concluded that Gerald's complaint was barred by claim preclusion. See Elkadrawy, 584 F.3d at 174 (explaining that claim preclusion applies to discrete events that constitute a "series of connected transactions.").

3

Gerald argues that he should be provided the opportunity to amend his complaint because, if he obtained counsel, it is "likely" that he would be able to state a claim for relief. However, the District Court correctly concluded that, even if Gerald were given leave to amend his complaint, amendment here would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Finally, Gerald claims that the District Court failed to monitor the appellants' compliance with the disclosure requirements of Federal Rule of Civil Procedure 26. However, as the District Court dismissed the action prior to the defendants being served with the complaint, the defendants had no obligation to respond to the complaint or provide initial disclosures.

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] To the extent Gerald's amended appendix could be construed as a motion to supplement the record, it is denied as the submitted exhibits were not filed in District Court. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (the court of appeals will not consider material on appeal that is outside of the district court record).